Filed 3/2/16  Hewlett v. Braden CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| PATRICIA HEWLETT,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>JAMES M. BRADEN,<br><br>        Defendant and Respondent. | A142571<br><br>(San Francisco County<br>Super. Ct. No. CGC-14-537933) |

Plaintiff Patricia Hewlett appeals from the trial court's order sustaining the demurrer of her former attorney, defendant James Braden, without leave to amend.  We affirm in part and reverse in part.

BACKGROUND

Plaintiff retained defendant in connection with an appeal of a bankruptcy court order.  Defendant did not file an opening brief, apparently after concluding the appeal was meritless, but plaintiff filed one in propia persona.  The federal district court rejected plaintiff's appeal, finding no legal or factual basis to disturb the bankruptcy court's judgment.  Plaintiff appealed this ruling to the Ninth Circuit, which summarily affirmed the district court after finding "the questions raised in this appeal are so insubstantial as not to require further argument."  In separate orders, the federal district court and Ninth Circuit both denied plaintiff's request to proceed in forma pauperis on her appeal to the Ninth Circuit on the ground that the appeal was frivolous.

1

Plaintiff subsequently sued defendant for legal malpractice and breach of contract.[1]  Defendant demurred.  The trial court sustained the demurrer, taking judicial notice of the federal court filings and finding "plaintiff cannot establish causation or damages as a matter of law" because "even if defendant owed a duty to file an appeal, there was nothing he could have done to lead to a better outcome for plaintiff."  The court dismissed plaintiff's complaint without leave to amend.

## DISCUSSION

"When reviewing a judgment dismissing a complaint after the granting of a demurrer without leave to amend, courts must assume the truth of the complaint's properly pleaded or implied factual allegations.  [Citation.]  Courts must also consider judicially noticed matters.  [Citation.]  In addition, we give the complaint a reasonable interpretation, and read it in context.  [Citation.]  If the trial court has sustained the demurrer, we determine whether the complaint states facts sufficient to state a cause of action.  If the court sustained the demurrer without leave to amend, as here, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment.  [Citation.]  If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred.  [Citation.]  The plaintiff has the burden of proving that an amendment would cure the defect."  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*).)

I. *Legal Malpractice*

" ' "Actionable legal malpractice is compounded of the same basic elements as other kinds of actionable negligence: duty, breach of duty, causation, and damage.' " (*Shopoff & Cavallo LLP v. Hyon* (2008) 167 Cal.App.4th 1489, 1508–1509.)  "A plaintiff alleging legal malpractice in the prosecution or defense of a legal claim must prove that, but for the negligence of the attorney, a better result could have been obtained in the

---

[1] Although plaintiff did not include her complaint in the record on appeal, both she and defendant attached it to their respective briefs.  On our own motion, we augment the record to include the complaint.  (Cal. Rules of Court, rule 8.155(a)(1)(A).)

underlying action." (*Orrick Herrington & Sutcliffe v. Superior Court* (2003) 107 Cal.App.4th 1052, 1057 (*Orrick*).)

Plaintiff asserts, without elaboration, that her "complaint and attached exhibits establish causation and damages." We decline to address this conclusory argument. "We need not address points in appellate briefs that are unsupported by adequate factual or legal analysis." (*Placer County Local Agency Formation Com. v. Nevada County Local Agency Formation Com.* (2006) 135 Cal.App.4th 793, 814.)

Plaintiff also contends the trial court erroneously made factual findings with respect to the federal court orders, and the orders are irrelevant to her claim. As plaintiff argues, " '[a] court may take judicial notice of [another] court's action, *but may not use it to prove the truth of the facts found and recited.*' " (*Steed v. Department of Consumer Affairs* (2012) 204 Cal.App.4th 112, 120.) Judicial notice may be taken of the fact that plaintiff's bankruptcy appeal was rejected on the merits. Her complaint does not allege that her bankruptcy appeal would have been successful had defendant filed a brief on her behalf.[2] Accordingly, we affirm the trial court's ruling with respect to plaintiff's legal malpractice cause of action. (*Orrick, supra,* 107 Cal.App.4th at p. 1057.)[3]

II. *Breach of Contract*

"[A]n overpayment for services is contract damages." (*Orrick, supra,* 107 Cal.App.4th at p. 1060.) A plaintiff unable to prove a better result would have occurred but for an attorney's negligence can nonetheless seek recovery of attorney fees as contract damages where the plaintiff "claims he did not get what he paid for." (*Id.* at

---

[2] In plaintiff's brief she conclusorily argues: "Had [defendant] fulfilled his contractual duty, he could have produced a better outcome for [plaintiff]." However, she does not elaborate on this assertion and includes no record citation to support it. Moreover, as noted above, no such allegation appears in the complaint.

[3] Because of this conclusion, we need not reach defendant's argument that the federal court orders collaterally estop plaintiff from litigating causation and damages. In addition, the parties dispute whether plaintiff's complaint includes a third cause of action for declaratory relief, and plaintiff argues the trial court's ruling on defendant's demurrer to two causes of action is therefore "uncertain." She forfeited this argument by failing to raise it below and we decline to consider it. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.)

pp. 1060–1061.) Plaintiff's complaint alleges defendant breached the parties' contract by "refusing to prepare an opening brief for plaintiff and thereafter refusing to refund plaintiff's money." Her complaint seeks as contract damages, inter alia, "the money plaintiff paid to defendant."

Defendant argues the retainer did not obligate him to file an opening brief in the bankruptcy appeal. Although plaintiff checked a box on the Judicial Council form indicating that a copy of the agreement was attached to her complaint, plaintiff did not in fact attach a copy. Defendant requested the trial court take judicial notice of the agreement, arguing he was simply correcting plaintiff's "clerical oversight." The trial court, however, only took judicial notice of the filings in the federal case.

Our review assumes the truth of the complaint's properly pled allegations. (*Schifando, supra,* 31 Cal.4th at p. 1081.) Although we may reject factual allegations to the extent they conflict with the content of an exhibit attached to the complaint (*Barnett v. Fireman's Fund Ins. Co.* (2001) 90 Cal.App.4th 500, 505), plaintiff did not attach the agreement to her complaint. Accordingly, defendant's demurrer fails to demonstrate plaintiff cannot prevail on her breach of contract claim. We reverse the trial court's order on this cause of action.[4]

III. *Leave to Amend*

Plaintiff seeks leave to amend her complaint to add new causes of action. Because we are reversing the demurrer in part, this request should be presented to the trial court. (See Code Civ. Proc., §§ 473, subd. (a)(1), 576.) We express no opinion on the merits of any such request.

DISPOSITION

The judgment is reversed and the trial court's order sustaining defendant's demurrer is vacated. The trial court is directed to issue a new order sustaining the

---

[4] Although the retainer agreement is not before us, we question defendant's assertion that contract language requiring an attorney to "[i]nvestigate the history of [a case], study the facts and the applicable law, and thus assist [the client] with her appeal" cannot reasonably be construed to include an obligation to file an opening brief in the appeal.

4

demurrer to plaintiff's negligence cause of action and overruling the demurrer to plaintiff's breach of contract cause of action. Each side shall bear their own costs on appeal.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.

(A142571)